GILLESPIE, Chief Justice:
Reverends Mike Newsom, Frank Williamson and J. E. Sandy, Trustees of the First United Pentecostal Church of Grenada, Mississippi, hereinafter local church, filed a bill of complaint in the Chancery Court of Grenada County against William Stegall, Jane Rogers, William Briscoe and First Pentecostal Apostolic Lighthouse of Grenada. The bill sought to enjoin the defendants from using certain property belonging to the local church and to have a certain deed from defendants Stegall, Rogers and Briscoe “as present trustees of the church proptrty” conveying the subject property to First Pentecostal Apostolic Lighthouse of Grenada, declared null and void. The bill also sought exclusive possession of the subject property. The court, in its final decree (1) cancelled the deed to the First Pentecostal Apostolic Lighthouse of Grenada, a corporation, and (2) enjoined the defendants from using the property in any way and ordered possession to be given to complainants.
Prior to November, 1966, there existed in the City of Grenada, Mississippi, the First United Pentecostal Church of Grenada, Mississippi, under the pastorship of appellant William Stegall. Stegall and his congregation were interested in buying from J. O. and Vera B. Smith a building and lot to be used as their church. The purchase price of the property was $7,500, but Stegall and his congregation did not have enough money for a down payment. He sought the assistance of appellee Mike Newsom, who, at that time, was secretary-treasurer of Section 3 of the Mississippi District of United Pentecostal Church International, hereinafter international church. An agreement was reached whereby the Home Missions Department of the Mississippi District of the International Church decided to accept the local church as a new Home Missions project and advance $3,500 to be used as the down payment on the purchase price.
The agreement was executed, and on November 15, 1966, a deed was prepared. The pertinent portion of the deed is as follows :
For and in consideration of TEN DOLLARS ($10.00) cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, we, the undersigned J. O. SMITH and wife, VERA B. SMITH, do hereby convey and warrant unto R. L. TOLBERT, MIKE L. NEWSOM, and E. J. EL-LARD as Trustees of the First United Pentecostal Church of Grenada, Mississippi, and their successors in office, the following described land and property situated in the County of Grenada, State of Mississippi. . .
A deed of trust securing the balance of the purchase price was executed by Tolbert, Newsom and Ellard on October 28, 1966. The balance of the purchase price was paid off by the local church.
*805 At the time of the execution of the deed and deed of trust, Tolbert, Newsom and Ellard were not, and never have been, members of the local church; they were sectional officers of the international church, namely: presbyter, secretary-treasurer and home missions director respectively.
On February 12, 1971, the local church voted to withdraw from the International Church. On February 22, 1971, the local church voted to seek a state charter of incorporation under the name, First United Pentecostal Apostolic Lighthouse of Grenada. The charter was granted on April 27, 1971. On May 26, 1972, appellants Stegall, Rogers and Briscoe, purporting to be the successor trustees to the trustees named in the November IS, 1966 deed, conveyed the same property to the newly incorporated First United Pentecostal Apostolic Lighthouse of Grenada. Stegall, Rogers and Briscoe claim to have been elected trustees by the local church; however, at the trial they did not produce any church minutes to that effect.
On October 1, 1973, appellees Newsom, Williamson and Sandy, claiming to be the successor trustees to those named in the November IS, 1966 deed, filed in the Chancery Court of Grenada County a suit resulting in the relief and judgment aforesaid. Newsom, Williamson and Sandy claim to be successor trustees by virtue of their present positions as sectional officers of the International Church.
We first consider the question whether the trial court erred in cancelling the deed to the new church corporation.
The constitution of the International Church recognizes that a local church may withdraw its membership from the International Church and provides in Article XVII, section 1, subsection 6, as follows.:
6. Any church desiring to withdraw its membership from the United Pentecostal Church must abide by the following procedure :
(a) Arrange for and announce a business meeting for said purpose at least ten days in advance of said meeting. The same shall be announced at three regular public services.
(b) Advise and invite the District Superintendent and District Presbyter to speak as representatives of the district at said meeting.
(c) In the event a church decides to take steps to withdraw its membership in the United Pentecostal Church, no words derogatory to the United Pentecostal Church shall be spoken by the pastor, and no words derogatory to the church and pastor shall be spoken by an official of the United Pentecostal Church.
(d) After a fair representation of both the church and district is heard, then a majority vote of legal members of the church present voting shall be the deciding factor.
Article XI, section 16, regulates the investment of funds for property and subsection 4 provides in part as follows:
All loans and grants from the United Pentecostal Church, whether from the General Home Missions Division, or District Home Missions Department must be secured by an attachment or lien to the property deed. The attachment or lien should stipulate that if such church agrees to withdraw or fellowship be terminated with the United Pentecostal Church for any reason, or be dissolved, the said church through its duly elected board of trustees and pastor must pay the unpaid balance of loans and the full amount of grants immediately or make arrangements to do so to the satisfaction of the District Home Missions Department or the General Home Missions Division.
The Mississippi District of the International Church has a district constitution *806 and bylaws. Article VIII, section 2, subsection 1, provides as follows:
Any property obtained by any unified efforts of the District Home Missionary Department shall be held in trust by the presbyter, the sectional secretary-treasurer and the sectional home missions director of the section in which the project is launched until such time as the church is established, set in order and local trustees are duly elected. Further, the transfer to the local congregation must have the endorsement of the Mississippi District Home Missionary Board. »
Because the congregation at Grenada was already organized at the time of the deed by J. O. Smith and wife to R. L. Tol-bert, Mike Newsom and E. J. Ellard, as trustees of the First United Pentecostal Church of Grenada, and their successors in office, it appears that the parties did not follow the requirements of the international constitution which provides that grants must be secured by a “lien to the property deed.” Nothing was said in the deed about the lien for the benefit of the International Church. Nor was the constitution of the Mississippi District followed which provides that any property obtained by any unified efforts of the District Home Missionary Department shall be held in trust by the presbyter, the secretary-treasurer, and the sectional Home Mission Director until such time as the church is established, set in order and local trustees are duly elected. Instead the property was deeded to Tolbert, Newsom and Ellard “as trustees of the First United Pentecostal Church of Grenada, Mississippi, and their successors in office.” In other words, the three named persons took title as trustees for the local congregation, not for the Mississippi District. The Mississippi District constitution provides that transfer to the local congregation must have the endorsement of the Mississippi District Home Missionary Board. It appears that since Tolbert, Newsom and Ellard took title as trustees for the local church, they only partially followed the constitution of the Mississippi District, and at the same time, by taking title as trustees for the local congregation, recognized that the local congregation was the beneficial owner of the property.
We are of the opinion, however that under Article XI, section 16, subsection 4 of the International Church’s constitution, the local church held title to the property subject to the right of the International Church to be repaid the amount of the grant made at the time the property was purchased. For this reason and because the local church has not withdrawn its membership from the International Church in accordance with Article XVII, section 1, subsection 6 of the International Church’s constitution, the trial court correctly can-celled the deed to the First Pentecostal Apostolic Lighthouse of Grenada.
The next question is whether the court erred in ordering possession of the property given to the complainants and enjoining use of the church by the local congregation. In our opinion, upon cancellation of the deed, the title to the property stood in the name of the original trustees, or their successors, as trustees for the local congregation. The local congregation never withdrew as provided by the constitution ot the International Church. But the property was originally acquired by Tol-bert, Newsom and Ellard as trustees for the local church, and the members of the local congregation paid off the deed of trust and have invested more into the building than the original grant from the International Church. The trustees holding title for the benefit and use of the local congregation cannot repudiate the trust and deny possession to the congregation for whom they took title as trustees.
Therefore, we hold that the trial court erred in granting possession of the church property to the complainants and enjoining the defendants or the members of the local congregation from using the property.
What is said herein is without prejudice on the part of the local congregation to *807 proceed under Article XVII, section 1, subsection 6, and to withdraw from the International Church. Such course of action, however, will be subject to Article XI, section 16, subsection 4 of the constitution of the international church. Of course, if the majority of the congregation votes not to withdraw the church continues as a local congregation of the international church.
As a civil court, we, of course, could not and do not consider or decide any question of ecclesiastical law or church doctrine; therefore, our decision is in accord with Maryland and Virginia Eldership of Churches of God v. Church of God at Sharpsburg, Inc., 396 U.S. 367, 90 S.Ct. 499, 24 L.Ed.2d 582 (1970).
The decree of the trial court is affirmed insofar as it cancels the deed in question, but that part of the decree granting possession of the property to the complainants and enjoining use thereof by the defendants or the local congregation is reversed and judgment entered here denying such relief.
Affirmed in part, reversed in part, and rendered.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.